# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEPHANIE F. HAYGOOD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.  05-00015-SLR |
| v. | ) | |
| | ) | |
| BARRY CONNORS, LINDA HARE-TUCKER, | ) | |
| KEN KOON AND SHEILA FERRARO, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' FIRST SET OF
### INTERROGATORIES TO PLAINTIFF

Defendants herewith propounds, pursuant to the Federal Rules of Civil Procedure, Interrogatories to be answered under oath by Plaintiff, Stephanie F. Haygood, within thirty days of service hereof.  These Interrogatories are to be deemed continuing.

## I.    INSTRUCTIONS AND DEFINITIONS

When in these Interrogatories you are asked to identify a person, identify him by name; if his name is not known and he is an officer or employee of Defendants or any affiliated corporations, identify him by job title and date when he held that job; if no other identification is possible, provide a sufficient description so that he will be identifiable to the recipients of your answer.  State his current home address, current employer, and address of his current employer.

When in these Interrogatories you are asked to state the date on which some incident or event occurred, provide the day, month and year if known; if day is not known, provide the month or season along with the year; if month and/or year is not known, identify the date by relating it to some established time (e.g., "six months after I was hired.")

"Documents" shall mean all written and printed matter of any kind in your possession, custody or control which is either known to you or can be located or discovered by diligent

effort, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including without limitation correspondence, memoranda, notes, speeches, press releases, diaries, calendars, agenda, statistics, letters, workpapers, telegrams, minutes, contracts, purchase orders, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, bulletins, printed matter, computer printouts, teletypes, telecopies, telefaxes, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of the foregoing, graphic or aural records or representations of any kind (including without limitation photographs, charts, graphs, microfiche, microfilm, videotapes, recordings, motion pictures) and electronic, mechanical or electrical records, or representations of any kind (including without limitation tapes, discs and recordings).

The word "discrimination" when used in these Interrogatories means discrimination on the basis of, or by reason of, race and/or age and/or gender and/or religion and/or disability.

The conjunctions "and" and "or" shall be interpreted to mean "and/or", and shall not be interpreted to exclude any information otherwise within the scope of any other interrogatory.

"Describe" when used with respect to any act, action, accounting, activity, occurrence, occasion, course of conduct, happening, negotiation, relationship, communication, conference, discussion, development, service, transaction, incident or event, means to provide the following information: (a) its general nature; (b) the time and place thereof; (c) a chronological accounting setting forth each element thereof; what such element consisted of, and what transpired as part thereof; (d) the identity of each person who performed any function or had any role in connection therewith, or has any knowledge, together with a description of each person's function, role of knowledge; and (e) the time, date, location and substance of each oral or written communication related thereto and every person present when such communication was made.

"Describe" when used in connection with any calculation or computation means to provide the following information: (a) an explanation of its meaning, including the nature, source and meaning of each component part thereof; (b) an explanation of the manner in which it

-2-

was derived; (c) the identity of each person who performed any function with respect thereto and a description of that person's function; (d) any documents which were used, referred to or prepared in the course of such calculation or computation; and (e) the time, date, location and substance of each oral or written communication related thereto and every person present when such communication was made.

No answer is to be left blank. If the answer to an interrogatory or subparagraph thereof is "none" or "unknown," such statement must be written as your answer. If the question is inapplicable, "N/A" must be written as your answer.

A masculine, feminine or neuter noun or pronoun shall include the other genders.

As to the time or period in question, a separate answer is required for each time or period with the pertinent dates included.

Where exact information cannot be furnished, estimated information should be supplied to the extent possible. Where estimated information is used, it must be so indicated and an explanation should be given as to the sources of and basis on which the estimate was made.

"Communication(s)" means any meeting, conversation, discussion, correspondence, message or other occurrence whereby thoughts, opinions, or data are transmitted between two or more persons.

"Complaint" means the Complaint filed in the instant action, Stephanie F. Haygood v. Barry Connors, et al., C.A. No. 05-00015-SLR, or any amended complaint(s) filed thereafter.

"Identify," "identity," or "identification" means, when used in reference to:

    1.    a natural person, his or her:

        (a)    full name;

        (b)    present or last known home address (including street name and number, city or town, state, zip code, and telephone number;

        (c)    present or last known business address (including street name and number, city or town, state, zip code, and telephone number;

      (d)     present or last known occupation, position, business affiliation, and job description;

      (e)     occupation, position, business affiliation and job description at the time relevant to the particular Interrogatory being answered; and

      (f)     social security number.

2.     a company, corporation, association, partnership, employment agency or legal entity other than a natural person:

      (a)     its full name;

      (b)     a description of the type of organization or entity;

      (c)     the full address of its principal place of business;

      (d)     the jurisdiction of its incorporation or organization; and

      (e)     the date of its incorporation or organization.

3.     a document:

      (a)     its description, (for example:  letter, memorandum, report, etc.);

      (b)     its title;

      (c)     its date;

      (d)     the number of pages therein;

      (e)     its subject;

In lieu of complying with sub-paragraphs (a)-(e), plaintiffs may attach to their Answer a copy of the document with an identification of the Interrogatory to which it responds.

      (f)     the identity of its author, signatory or signatories, and any person who participated in its preparation;

      (g)     the identity of its addressee or recipient;

      (h)     the identity of each person to whom copies were sent and each person by whom copies were received;

      (i)     its present location; and

     (j)     the identity of its present custodian.  (If any such document was, but is no longer, in the possession or subject to the control of Plaintiffs, state what disposition was made of it and when).

4.     communication (oral or otherwise):

     (a)     the date and time when it occurred;

     (b)     the place where it occurred;

     (c)     the complete substance of the communication;

     (d)     the identity of each person;

          (1)     to whom such communication was made;

          (2)     by whom such communication was made; and

          (3)     who was present when such communication was made;

     (e)     if by telephone,

          (1)     the identity of each person;

               (i)     who made each telephone call;

               (ii)     who participated in each telephone call;

          (2)     the place where each person participating in each telephone call was located.

"Oral communication" means any verbal conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting or telephone conversation.

## II.    <u>CLAIMS OF PRIVILEGE</u>

If any information sought by an interrogatory or subpart thereof is withheld from production based upon claims of privilege, work product or other reason, you shall as to each document being withheld:  (a) identify the nature of the privilege which is being claimed; (b) set forth the privilege being invoked; (c) indicate whether such documents exist; and/or (d) indicate whether such oral communications took place; (e) identify the document with sufficient particularity to allow Defendants to bring this matter before the Court; (f) identify the date of the

document; (g) identify the author of the document; (h) identify any recipients of the document; (i) identify all persons who have reviewed the document; (j) identify the substance of the content of the document; (k) identify the number of pages of the document; and (l) identify the precise reason why production is being withheld.

## III.    INTERROGATORIES

1.    Identify all person(s) who supplied information or assisted in the preparation of any of the answers to these Interrogatories, including each person's current address and telephone number.

**RESPONSE:**

2.    Do you claim that you suffered monetary damages as a result of any alleged discrimination in employment by or other actions of Defendants?  If you have answered yes, please set forth the factual basis of each alleged act which was the cause of said monetary damages, identify all persons who have knowledge of said acts, state the total amount of monetary damages suffered by you, explain specifically every way in which you have suffered monetary damages, state the amount of money which you claim for each aspect of damage to you, explain specifically the basis on which you computed each amount, and identify all persons who have knowledge of the said monetary damages and the amount thereof.

**RESPONSE:**

3.    Have you sought treatment from, or otherwise consulted, any health care provider (including but not limited to any doctor, nurse, nurse-practitioner, osteopath, psychiatrist, psychologist, psychotherapist or therapist) in connection with any injury you claim

-6-

to have suffered as a result of any of the actions alleged in the Complaint?  If your answer is yes, identify each person you consulted; the condition or complaint for which you consulted each person; the date(s) of each visit you made to each such person, and the treatment received, if any, on each date; the diagnosis and prognosis rendered by each such person, if any, medications or therapies prescribed by each such person; and whether the condition complained of has resolved.

**RESPONSE:**

4.      Identify any person whom you expect to call as an expert witness at the trial of this case, state the subject matter on which he/she is expected to testify, state the substance of the facts and opinions on which he/she is expected to testify, and summarize the grounds for each opinion.

**RESPONSE:**

5.      Identify each and every instance that supports your allegation in the Complaint that Defendants discriminated against you, including in your answer the factual basis of such knowledge and the dates and means by which you gained such knowledge.

**RESPONSE:**

6.      Identify every individual company or educational institution by which you were employed before Woodbridge School District.  List your present or most recent employer first, and list all others in reverse chronological order, ending with employment immediately

prior to your employment by Woodbridge School District.  As to each employer, provide the inclusive dates of your employment there, the title of the job you were hired to perform, the rate of pay you received when you began your employment there, and the amount of pay received to date.

**RESPONSE:**

7.       Identify every change in job status or in rate of your pay during the course of your employment answered in paragraph 6.  As to each change in job status, state whether it was a promotion, demotion, transfer, lateral move, or other, state the title of the job to which you were moved and the effective date of the change and identify every immediate supervisor to whom you were responsible in each job.

**RESPONSE:**

8.   Identify any other lawsuit or administrative claim in which you have been named as a plaintiff or defendant or claimant or respondent and state the caption, docket number, and the county of each lawsuit or claim.

**RESPONSE:**

9.   Please describe in detail each instance in which Defendants discriminated against you as alleged in the Complaint, including in your answer  the date, time and place of each

occurrence, the identity of each agent or employee of Defendants involved in any way in such act, and the identity of any witnesses to each such act and the witnesses' knowledge of the facts.

**RESPONSE:**

10.  Identify all documents referred to, relied upon or consulted during the preparation of any of the answers to these Interrogatories.

**RESPONSE:**

11.  Prior to the commencement of this litigation, have you lost, misplaced, discarded or destroyed any documents or records relevant to the claims and defenses asserted in this litigation?  If your answer is other than an unqualified denial, identify each document and record that has been lost, misplaced, discarded or destroyed, and state the date such loss, discarding, misplacement or destruction occurred.  If your answer is that you do not know, state what steps you have taken to ascertain if you have lost, discarded, misplaced or destroyed any such records or documents.

**RESPONSE:**

12.     Identify each person from whom you have taken a statement in connection with this litigation.  This Interrogatory includes taking of notes that are read and approved, receiving response to a questionnaire, sworn or unsworn written statements or affidavits, or other communications.   Identify the date each communication took place.

**RESPONSE:**


13.   Identify all persons (other than experts) whom Plaintiff plans to call upon to testify at trial or any other evidentiary hearing of this action and

(1)     A full and fair summary of his or her anticipated testimony and a specification of the issue(s) to which it will relate: and

(2)     The identity of all documents which will be introduced through, relied upon, or referred to by such witness in his or her testimony.

**RESPONSE:**




14.     Identify every person not previously identified who has direct, personal knowledge of the facts sought in these interrogatories or other facts pertinent to this lawsuit and describe the extent and substance of that person's knowledge concerning the facts of this lawsuit.

**RESPONSE:**




15.     Identify all documents related to any and all claims alleged in the Complaint.

DOCS_DE 113500v1

**RESPONSE:**

16.   Please state whether you intend to introduce statistical evidence in support of your claims.  If so, please: (a) describe the statistical data and specify the particular statistics to be used; (b) identify the source of the statistical data; (c) name any witnesses whom you will call to testify with respect to the statistical data; (d) specify the fact or facts that you claim the statistical data prove and state how that fact or those facts relate to the establishment of the claims you make in this litigation; (e) describe the evidence or testimony which you intend to introduce in this litigation to establish that the statistics to be used establish or tend to establish a violation of any of the statutes or regulations set forth in your pleadings.

**RESPONSE:**

17.   Have you ever been disabled from employment?  If your answer is yes, identify each person you consulted regarding your disability; the condition or complaint for which you were disabled; and identify and describe all records related to your disability.

**RESPONSE:**

                                        **WHITE AND WILLIAMS LLP**

                              By:  *Natalie L. Palladino*

                                        **NATALIE L. PALLADINO**
                                        824 N. Market Street, Suite 902
                                        P.O. Box 709
                                        Wilmington, DE 19899-0709
                                        (302) 467-4520
                                        Attorneys for Defendants,
                                        *Barry Connors, Linda Hare-Tucker,*
                                        *Ken Koons and Sheila Ferraro*

Dated:  July 19, 2005

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| STEPHANIE F. HAYGOOD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.  05-00015-SLR |
| v. | ) | |
| | ) | |
| BARRY CONNORS, LINDA HARE-TUCKER, | ) | |
| KEN KOON AND SHEILA FERRARO, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I, Natalie L. Palladino, Esquire, do hereby certify that on this 19th day of July, 2005, two

(2) copies of the foregoing **DEFENDANTS' FIRST SET OF INTERROGATORIES TO**

**PLAINTIFF** were served upon the following via first class mail, postage prepaid:

Stephanie F. Haygood
RD 2 Box 6-1
Selbyville, Delaware  19975

**WHITE AND WILLIAMS LLP**

By: *Natalie L. Palladino*
    _____
    **NATALIE L. PALLADINO**
    824 N. Market Street, Suite 902
    P.O. Box 709
    Wilmington, DE 19899-0709
    (302) 654-0424
    *Attorney for Defendants,*
    *Barry Connors, Linda Hare-Tucker,*
    *Ken Koon and Sheila Ferraro*

DOCS_DE 113500v1

DOCS_DE 113500v1