IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STEPHANIE F. HAYGOOD,

      Plaintiff,

                                     C.A. NO. 05-00015-SLR

v.

BARRY CONNORS, LINDA HARE
TUCKER, KEN KOON AND SHEILA        E-FILE
FERRARO,

      Defendants.

## DEFENDANTS' MOTION TO DISMISS

      The Defendants, Barry Connors, Linda Hare Tucker, Ken Koon and Sheila Ferraro, by and through their undersigned counsel, hereby move this Honorable Court for an Order, pursuant to Federal Rules of Civil Procedure 37(b) and 41(b), dismissing Plaintiff's Complaint with prejudice for Plaintiff's failure to comply with Defendants' request for discovery and failure to prosecute. In support of this motion, Defendants state the following:

      1.     On January 12, 2005, Plaintiff filed a *pro se* Complaint against Defendants based on allegations of racial and religious discrimination, in violation of Title VII of the Civil Rights Act of 1964.

      2.     On July 12, 2005, the Court provided Plaintiff and Defendant with a proposed scheduling order. The Court asked each party to present any objections to the proposed scheduling order on or before August 12, 2005. Plaintiff sent a letter to Defendants' counsel that expressed her acceptance of the proposed scheduling order without objection. Exhibit "1" (Plaintiff's letter dated July 14, 2005).

3. On July 19, 2005, Defendants served their First Set of Interrogatories and First Request for Production of Documents upon the Plaintiff.[1] Plaintiff's answer to this discovery, therefore, was due on August 19, 2005.

4. On August 1, 2005, this Court entered an Order directing the parties to complete discovery on or before December 12, 2005.[2] The Order also required the parties to serve and file motions for summary judgment, along with opening briefs and affidavits in support thereof, on or before January 26, 2006.

5. On August 30, 2005, Defendants' counsel wrote a letter to Plaintiff. This letter advised Plaintiff that her answers to Defendants' requests for written discovery and production of documents were overdue. Exhibit "2" (letter to Plaintiff dated August 30, 2005). Defendants' counsel, at that time, requested that Plaintiff respond within two weeks of the letter. Plaintiff never responded.

6. Due to Plaintiff's failure to comply with this Court's Order and Defendants' previous requests, Defendants filed a Motion to Compel Discovery and served the Motion upon the Plaintiff on October 18, 2005.[3] Plaintiff did not file a response to Defendants' Motion to Compel Discovery. The Motion is still pending before the Court. To date, Plaintiff has not provided answers or objections to Defendants' First Set of Interrogatories to Plaintiff and Defendants' First Request for Production of Documents.

---

[1] Dkt. #16-17.
[2] Dkt. #24.
[3] Dkt. #27.

7.      While the law permits Ms. Haygood to carry on this litigation *pro se*, she is not free to ignore the rules of procedure establishing the appropriate action required of all litigants.[4] Federal Rule of Civil Procedure 41(b) grants this Court the authority to dismiss a suit *sua sponte* for failure to prosecute.[5]  Federal Rule of Civil Procedure 37 also authorizes the Court to dismiss a lawsuit for failure to obey an order or comply with a party's request for discovery. A dismissal on either of these grounds qualifies as an adjudication on the merits of the case, thereby preventing the plaintiff from litigating the matter further against these same defendants.[6]

8.      The court, in making this determination, customarily balances six factors set forth in *Poulis*.[7]  If the Court has doubts, the matter "should be resolved in favor of reaching a decision on the merits ... and alternative sanctions should be used."[8] Case law, however, illustrates that the Third Circuit will dismiss a lawsuit and not apply the balancing test where the litigant's conduct makes a fair and timely adjudication of the case impossible.[9]

9.      Here, Plaintiff's failure to comply with an Order of this Court and litigate this matter in compliance with the Federal Rules of Civil Procedure has made adjudication impossible. She has repeatedly failed to satisfy her obligations. Defendants' counsel served

---

[4] *See Ecke v. United States of America*, 1994 WL 782230 (D. Del.) (quoting *Carter v. Three Unknown Police Officers*, 112 F.R.D. 48, 51-2 (D. Del. 1986), which states "[a]lthough requirements of technical pleading and conformity with procedural rules should be viewed liberally when a litigant is acting *pro se*, the rules are not suspended simply because the litigant is unrepresented by counsel. The *pro se* complainant must exercise reasonableness and good faith in prosecution of his claims.").
[5] *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).
[6] *Landon v. Hunt*, 977 F.2d 829, 833 (3d Cir. 1992).
[7] The *Poulis* court established six factors for the court's consideration. These factors include:
    (1) the extent of the party's personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful or in bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritousness* of the claim or defense.
*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original).
[8] *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984).
[9] *See Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir. 1990); *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994).

written discovery and a request for production upon the Plaintiff nearly six months ago, yet she has failed to either answer or object to Defendants' discovery requests. Plaintiff has also not made any effort to pursue her claim through discovery propounded on the Defendant. Plaintiff's actions, in sum, violated an Order directing the parties to complete discovery on or before December 12, 2005. The Plaintiff's inaction has unilaterally brought the litigation to a halt with no prospect of a timely adjudication, thereby warranting the Court's dismissal of her Complaint.

10. A proper balancing of the *Poulis* factors would also justify the Court's dismissal of this matter. First, Plaintiff, despite the best efforts of the Court and Defendants' counsel, is exclusively responsible for the delay. Although she has had Defendants' request for discovery for approximately six months, Plaintiff has not yet served her answers or objections upon Defendants' counsel. Defendants' Motion to Compel Discovery sought to keep the litigation on schedule, but Plaintiff has failed to respond. Plaintiff's inactivity violated an Order of this Court directing discovery. Plaintiff clearly bears responsibility for the current troubles of the Court and Defendants.

11. Plaintiff's inactivity has also caused Defendants to incur additional litigation expenses and unfairly wait for the adjudication of an unsupported claim. Plaintiff alleges that she possesses evidentiary support for her claims. She has failed, however, to provide Defendants with names of individuals or copies of documents substantiating her allegations. Defendants, consequently, have been forced to file a Motion to Compel Discovery in order to obtain these alleged materials. Lacking these discoverable items, Defendants' counsel has been unable to conduct an independent investigation of the matter and formulate strategies for its defense.

12.    Plaintiff, on her own initiative, has willfully failed to comply with the Court's Order and Federal Rules of Civil Procedure governing this lawsuit. Although *pro se* litigants lack the legal knowledge and training of professional representation, the law permits individuals to try their case without formal counsel. The Court, in this instance, has respected the Plaintiff's right to continue the litigation *pro se*. The Court and Defendants' counsel, respectively, have made her aware of her responsibilities through pleadings, correspondences and court orders. Plaintiff failed to answer or object to Defendants' first attempt for discovery. She did not respond to Defendants' Motion to Compel Discovery. Finally, she has made no effort to advance her case through discovery. The court-imposed deadline for the completion of discovery has passed, yet the Plaintiff's has prevented the Defendants from participating in the process.

13.    Plaintiff's failure to provide evidentiary support also illustrates her claims' lack of merit. The Complaint provided Plaintiff's basic account of the facts. Defendants' Answer disputes her factual and legal allegations. Since Plaintiff bears the burden of proof in this matter, evidence of discrimination must be provided. Plaintiff, however, has failed to provide names of individuals or copies of documents substantiating her allegations. Further, Plaintiff's allegations of discrimination have been brought before other administrative bodies, specifically the Delaware Department of Labor and United States Equal Employment Opportunity Commission, and were found to be unsupported. *See* Exhibit "3" (Notice of Dismissal from the Delaware Department of Labor and United States Equal Employment Opportunity Commission).

14.    Finally, Plaintiff's inactivity warrants the dismissal of her lawsuit, because no other form of sanctions offers a fair and effective manner of adjudicating the case. Plaintiff has been given numerous opportunities to participate in this litigation. Plaintiff, however, has

DOCS_DE 120155v.1

repeatedly failed to comply with rules governing this Court, thereby depriving the Court of its ability to adjudicate the matter in a timely fashion.

15.   Defendants, likewise, have acted within the rules in their attempt to keep the litigation on schedule. Defendants filed timely discovery requests, and sent a follow-up letter to Plaintiff. Defendants also filed a Motion to Compel. Plaintiff, therefore, bears the exclusive responsibility for this delay, and her inactivity has unfairly prejudiced the Defendants' preparations for trial. Since the Plaintiff's current conduct gives no indication that the litigation may or will continue in an orderly manner, the Court is justified in dismissing the Complaint with prejudice pursuant to Federal Rules of Civil Procedure 37(b) and 41(b), respectively.

WHEREFORE, the Defendants, Barry Connors, Linda Hare Tucker, Ken Koon and Sheila Ferraro, respectfully request that this Honorable Court grant Defendant's Motion to Dismiss for Plaintiff's failure to prosecute and comply with Orders concerning discovery, and dismiss Plaintiff's Complaint with prejudice. The moving Defendants also seeks reasonable expenses, including attorney's fees, pursuant to Rule 37(d) for Plaintiff's failure to serve answers to Defendant's interrogatories and request for production, as well as the costs associated with filing of this motion. To the extent that this Court denies Defendants' motion, Defendants reserve the right to file a Motion for Summary Judgment seeking dismissal of the Complaint, with prejudice.

-7-

                      WHITE AND WILLIAMS LLP

                      /s/ William L. Doerler
                      WILLIAM L. DOERLER (#3627)
                      824 N. Market Street, Suite 902
                      Wilmington, DE  19899
                      (302) 654-0245
                      *Attorney for Defendants*
                      *Barry Connors, Linda Hare Tucker,*
                      *Ken Koon and Sheila Ferraro*

Date: January 12, 2006

DOCS_DE 120155v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

STEPHANIE F. HAYGOOD,

        Plaintiff,

        v.

BARRY CONNORS, LINDA HARE
TUCKER, KEN KOON AND SHEILA
FERRARO,

        Defendants.

C.A. NO. 05-00015-SLR

E-FILE

### CERTIFICATE OF SERVICE

    I, William Doerler, Esquire, do hereby certify that on this 12th day of January, 2006, a copy of the foregoing **DEFENDANTS' MOTION TO DISMISS** were delivered via First Class Mail, postage prepaid and/or E-File and Serve upon:

Stephanie F. Haygood
Road 2, Box 6-1
Selbyville, Delaware 19975

**WHITE AND WILLIAMS LLP**

*/s/ William L. Doerler*

**WILLIAM L. DOERLER (#3627)**
824 N. Market Street, Suite 902
Wilmington, DE 19899
(302) 654-0245
*Attorney for Defendants*
*Barry Connors, Linda Hare Tucker,*
*Ken Koon and Sheila Ferraro*