# EXHIBIT 3



**STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS**
4425 North Market Street
Wilmington, Delaware 19802

Telephone (302) 761-8200
Fax (302) 761-6601

March 31, 2004

James D. Griffin, Esquire
Griffin & Hackett, P.A.
116 West Market Street
Post Office Box 612
Georgetown, DE 19947

RE: Haygood v. State of DE/Dept. of Education/Woodbridge School District
Case No. 03091367/17CA300702
<u>Notice of Dismissal</u>

Dear Mr. Griffin:

The Department of Labor has dismissed the above-referenced Charge of Discrimination filed under state law. Enclosed please find a copy of the Notice of Dismissal.

☐ *To Charging Party only: Since the Charge of Discrimination was also filed under federal law, which is enforced by the Equal Employment Opportunity Commission (EEOC), you have the right to request the EEOC to review this action. To secure a review, you must request the review in writing, within 15 days of your receipt of this letter. The request should be sent to the Equal Employment Opportunity Commission, The Bourse-Suite 400, 21 S. Fifth Street, Philadelphia, PA 19106-2515. Otherwise, the EEOC will generally adopt our finding in the case. You will be notified of EEOC's decision when they have concluded their action on this matter.*

Thank you for your cooperation in this matter.

Sincerely,

*Julie Cutler*

Julie K. Cutler, Supervisor
Office of Labor Law Enforcement

JKC/lcf

Enclosure: Notice of Dismissal



**STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS**
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-8200
FAX (302) 761-6601

## NOTICE OF DISMISSAL

RE: Haygood v. State of DE/Dept. of Education/Woodbridge School District
State Case No: 03091367

On September 10, 2003, Ms. Stephanie F. Haygood filed a charge of discrimination against State of DE/Dept. of Education/Woodbridge School District. The Charge of Discrimination is hereby incorporated by reference.

**No Cause Finding:**
On March 31, 2004, the Department of Labor concluded its investigation and now finds, based on the following facts, that there is no reasonable cause to believe that a violation of the State Discrimination Act has occurred.

I. **Undisputed Facts:**
1. Charging Party began her employment with Respondent on February 16, 1999, and was discharged from her paraprofessional position located at Respondent's S.C.O.P.E. South location on June 30, 2003.

II. **Disputed Facts:**
1. Charging Party alleges that she was discriminated against based upon her race (black) and her religion (Christian) when Respondent chose to discharge her instead of other non-black employees who had in the past exhibited less than Christianly behavior, specifically Mr. Koon (white), Teacher, and Ms. Ferrarro, paraprofessional (white) and who also had less seniority than Charging Party.

III. **Resolution of Material Facts in Dispute:**
1. Respondent discharged three individuals who held paraprofessional positions at the time in question, two from its S.C.O.P.E. North location, one white individual and one black individual, and discharged Charging Party from its S.C.O.P.E. South location. Respondent retained two employees at each location, one black individual and three white individuals. This information would indicate that race was not a contributing factor in Respondent's employment decision.
2. Based on the information provided, the two individuals retained at Charging Party's work location brought additional services that Respondent relied upon such as one individual doubled as the school's nurse and the other individual has a Commercial Driver's License (CDL) which was/is used for school bus trips and saved additional costs for Respondent.
3. Charging Party's comparators allegedly smelled of alcohol and were abusive toward students, Mr. Koon, and used profanity, Mr. Koon and Ms. Ferrarro. Mr. Koon, however, is not a paraprofessional, he is a teacher was not subject to the lay off. Although Ms. Ferrarro allegedly used profanity, work place behavior was not a determining factor in Respondent's decision on who to retain and who to discharge. Ms. Ferrarro is the paraprofessional who has a CDL which is used by Respondent to cut expenses for school trips.

IV. **Resolution:**
The evidence provided and obtained does not support Charging Party's allegations that employment decisions were based upon race or religion. Charging Party was unable to provide substantive evidence that she was subjected to derogatory comments or disparate treatment based upon her religious beliefs.

Page Two
Haygood v. State of DE/Dept. of Education/Woodbridge School District
03091367

The Charge of Discrimination, State Case No. 03091367 is hereby Dismissed pursuant to 19 *Del. C.* Section 712(b). There is no statutory right of appeal of the Department's No Cause Dismissal. Since this decision ends the administrative process, you may have a right of judicial review under default principles of law in the Court of Chancery. See Holland v. Zarif, 794 A. 2d 1254 (Ch. Ct. 2002).

3/31/04
DATE

TRINA R. D. WHEEDLETON
LABOR LAW ENFORCEMENT OFFICER

3/31/04
DATE

JULIE CUTLER
LABOR LAW ENFORCEMENT SUPERVISOR

APR 1 8 2005

EEOC Form 161 (3/98)          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Stephanie F. Haygood  
Road 2, Box 6-1  
Selbyville, DE 19975

From: Philadelphia District Office  
21 South 5th Street  
Suite 400  
Philadelphia, PA 19106

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2003-00702 | Charles Brown, III, State & Local Coordinator | (215) 440-2842 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Marie M. Tomasso_ (signature)  
Marie M. Tomasso,  
District Director

041205  
(Date Mailed)

Enclosure(s)

cc: STATE OF DE/DEPARTMENT OF EDUCATION  
Woodbridge School District  
48 Church Street, PO Box 427  
Bridgeville, DE 19933