IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHANIE F. HAYGOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-0015-SLR |
| | ) |
| BARRY CONNORS, LINDA HARE | ) |
| TUCKER, KEN KOON and SHEILA | ) |
| FERRARO, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

At Wilmington this 6th day of June, 2006, having reviewed
defendants' motions to compel discovery and to dismiss, as well
as plaintiff's response thereto and the record as a whole;

IT IS ORDERED that the court shall conduct a hearing on
defendants' motion to dismiss (D.I. 29) on **Friday, June 23, 2006
at 10:00 a.m.** in courtroom 6B, sixth floor of the J. Caleb Boggs
Federal Building, 844 King Street, Wilmington, Delaware.   The
parties shall be prepared to address the following:

1.   Plaintiff filed the above captioned litigation on
January 12, 2005, asserting claims of racial and religious
discrimination in violation of Title VII of the Civil Rights Act
of 1964.

2.   The parties thereafter were ordered to complete

discovery by December 12, 2005, and file all dispositive motions
on or before January 26, 2006.

3.    Plaintiff has failed to respond to any of defendants'
outstanding discovery requests; nor has she responded on the
merits to defendants' pending motions, despite the court's orders
to do so.

4.    In determining whether to dismiss a case, the court must
review six factors: a) The extent of the party's personal
responsibility; b) The prejudice to the adversary caused by the
failure to meet scheduling orders and respond to discovery; c) A
history of dilatoriness; d) Whether the conduct of the party or
the attorney was willful or in bad faith; e) The effectiveness of
sanctions other than dismissal; and f) The meritoriousness of the
claim or defense.  See Poulis v. State Farm Fire and Cas. Co.,
747 F.2d 863, 868 (3d Cir. 1984).

5.    Instantly, plaintiff is appearing pro se and has
requested multiple extensions of time to respond to court-ordered
deadlines.  Plaintiff has based her failure to prosecute her case
on "[t]he added responsibilities that occurred after [her]
sister's death".  (D.I. 30, 38)  There is no evidence that
plaintiff's conduct is in bad faith.  The court has no way to
determine whether plaintiff's claims have merit, as plaintiff has
not responded to any discovery or otherwise advanced the case
forward.  Given the failure of plaintiff to develop the record,

2

and without any indication of when plaintiff would be inclined to engage in the litigation process in a substantive fashion, defendants are left with the burden of having litigation pending against them without the ability to resolve the litigation in a timely fashion.

6.  Under the circumstances outlined above, plaintiff must appear at the hearing to show cause why the case should not be dismissed with prejudice.

United States District Judge

3